**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re:<br><br>SID'S HARDWARE & HOMECENTER CORP., a/k/a SID'S TRUE VALUE HARDWARE,<br>Debtor, | ) | Chapter 7<br>Case No. 10-04518-cec |
| RICHARD J. MCCORD, ESQ., as Chapter 7 Trustee of the Estate of SID'S HARDWARE & HOMECENTER CORP a/k/a SID'S TRUE VALUE HARDWARE,<br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY,<br>Defendant. | ) | AP No.: 10-01251-cec |

**DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

In accordance with Fed. R. Civ. P. 33, made applicable to the instant adversary proceeding pursuant to Fed. R. Bankr. P. 7033, Defendant, American Express Travel Related Services Company, Inc., captioned as American Express Company, (hereinafter "American Express" or "Defendant"), by and through its undersigned counsel, hereby responds to Plaintiff's First Request for Production of Documents ("Requests") as follows:

**GENERAL OBJECTIONS AND CONDITIONS**

1. Defendant objects to the Requests insofar as they are vague and ambiguous, overbroad and/or impose burdens upon Defendant, not authorized by the Federal Rules and beyond the scope permitted by applicable Local Bankruptcy Rules.

2. Defendant objects to the Requests insofar as they call for the disclosure of (a) privileged information; (b) materials prepared in anticipation of litigation and/or trial preparation

materials without the showing required by Fed. R. Civ. P. 26(b) and Fed. R. Bank. P. 7026(b); and (c) opinions, mental impressions, conclusions or legal theories of Defendant's counsel or other representatives.

3. Defendant objects to the Requests insofar as they call for Defendant's opinions or contentions, or for the basis of any such opinions or contentions, before discovery and evidence gathering has been completed.

4. Defendant objects to the Requests insofar as they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to Plaintiff's definitions to the extent that they deviate from or expand upon obligations, duties or requirements under the Federal Rules of Civil Procedure, the Bankruptcy Rules, and Local Bankruptcy Rules.

6. Defendant objects to the Requests to the extent that they seek information which may be derived from documents in Plaintiff's possession, from documents which have been produced in response to Plaintiff's Requests for Production of Documents or documents available to the public. As such, the burden of deriving or answering the Requests is substantially the same for Plaintiff as it is for Defendant and Plaintiff can ascertain the answers by performing a review and analysis of the documents produced or answers provided by Defendant.

7. Defendant reserves all objections to the admissibility of any Request and the response thereto at trial.

8. To the extent that any Request is argumentative or assumes facts not yet proven, it is responded to as if propounded without such argument or assumption.

9. Defendant reserves the right at any time to revise, correct, or clarify the objections or responses set forth herein.

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Produce any and all correspondence, documents, contracts, and agreements entered into or by and between the Defendant and the Debtor.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

2. Produce any documents concerning any transfers or payments made by or on behalf of the Debtor to or for the benefit of the Defendant during the Pre Petition Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

3. Produce any documents concerning any transfers or payments made by or on behalf of the Debtor to or for the benefit of the Defendant during the Two Year Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain**

**this information is substantially the same as it is on American Express. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

4. Produce any documents concerning any transfers or payments made by or on behalf of the Debtor to or for the benefit of the Defendant during the Post Petition Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

5. Produce any documents concerning the provision of goods or services or extensions of credit by the Defendant to the Debtor during the Pre Petition Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

6. Produce any documents concerning the provision of goods and services or extensions of credit by the Defendant to the Debtor during the Two Year Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express**

**will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

7. Produce any documents concerning the provision of goods and services or extensions of credit by the Defendant to the Debtor during the Post Petition Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

8. Produce any contracts between the Defendant and the Debtor concerning any transfers or payments made in the Pre Petition Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

9. Produce any contracts between the Defendant and the Debtor concerning any transfers or payments made in the Two Year Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express**

**will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

10. Produce any contracts between the Defendant and the Debtor concerning any transfers or payments made in the Post Petition Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

11. Produce any documents concerning any defense that the Defendant has raised in its Answer.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

12. Produce copies of the accounts payable ledgers and payment histories of Defendant, or other records of the Defendant recording amounts owed to the Defendant by Debtor, or paid by the Debtor to Defendant, during the Pre Petition Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express**

**further objects to this Request insofar as it is overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

13. Produce copies of the accounts payable ledgers and payment histories of Defendant, or other records of the Defendant recording amounts owed to the Defendant by Debtor, or paid by the Debtor to Defendant, during the Two Year Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

14. Produce copies of the accounts payable ledgers and payments histories of Defendant, or other records of the Defendant recording amounts owed to the Defendant by Debtor, or paid by the Debtor to Defendant, during the Post Petition Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

15. Produce all documents concerning the credit and payment practices and customs during the Pre Petition Period.

**<u>ANSWER</u>: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is vague, ambiguous, overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

16. Produce all documents concerning the credit and payment practices and customs during the Two Year Period.

**<u>ANSWER</u>: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is vague, ambiguous, overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

17. Produce all documents concerning the credit and payment practices and customs during the Post Petition Period.

**<u>ANSWER</u>: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is vague, ambiguous, overbroad and/or imposes**

**undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

18. Produce all documents concerning all claims by Defendant to the Debtor during the Pre Petition Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is vague, ambiguous, overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

19. Produce all documents concerning all claims by Defendant to the Debtor during the Two Year Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is vague, ambiguous, overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

20. Produce all documents concerning all claims by Defendant to the Debtor during the Post Petition Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain**

**this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is vague, ambiguous, overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

21. Produce all documents concerning all money owed by the Debtor to the Defendant.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

22. Produce all documents concerning the claims and defenses asserted in this case, including, but not limited to, all memoranda, analysis, charts, tables, expert reports, and correspondence prepared by or on behalf of Defendant.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is vague, ambiguous, overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

23. Produce all documents concerning Defendant's accounts payable records relating to the Debtor before the Petition Date.

**<u>ANSWER</u>: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is vague, ambiguous, overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

24. Produce all documents concerning Defendant's accounts payable records relating to the Debtor after the Petition Date.

**<u>ANSWER</u>: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is vague, ambiguous, overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

25. Produce all documents concerning any studies or analysis about whether or not Debtors were solvent during the Pre Petition Period.

**<u>ANSWER</u>: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

26. Produce all documents concerning any studies or analysis about whether or not the Debtors were solvent during the Two Year Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

27. Produce all documents concerning any studies or analysis about whether or not Debtors were solvent during the Post Petition Period.

**ANSWER: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

28. Produce all documents you intend to introduce, utilize, or rely upon in connection with any trial, motion, or hearing in this case.

**ANSWER: American Express has not identified the documents it intends to introduce, utilize, or rely upon in connection with any trial, motion, or hearing in this matter. Accordingly, no responsive documents exist at this time. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

29. Produce any and all checks and/or statements issued by the Debtor to Defendant reimbursing Defendant for services, extensions of credit or in payment of invoices to the Debtor.

**<u>ANSWER</u>: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

29. Produce any and all correspondence, documents or communications issued by Defendant to the Debtor regarding services or extensions of credit provided to the Debtor by Defendant.

**<u>ANSWER</u>: American Express objects on the grounds that the information the Plaintiff requests is within the Plaintiff's control and the burden on the Plaintiff to obtain this information is substantially the same as it is on American Express. American Express further objects to this Request insofar as it is overbroad and/or imposes undue burdens upon the Defendant. American Express will supplement its response to this Request, if necessary, in accordance with the Federal Rules of Bankruptcy Procedure.**

Respectfully submitted,

PAUL J. HOOTEN & ASSOCIATES

By: <u>/s/ Paul J. Hooten</u>

PAUL J. HOOTEN, ESQUIRE
5505 Nesconset Highway, Suite 203
Mt. Sinai, NY 11766
Telephone: (631) 331-0547
Facsimile: (631) 331-9566

<u>and</u>

FLASTER/GREENBERG P.C.
Eugene J. Chikowski, Esquire
Four Penn Center
1600 J.F.K. Blvd., 2nd Floor
Philadelphia, PA 19103
Telephone: (215) 279-9382
Facsimile: (215) 279-9394

Counsel for American Express
Travel Related Services Company, Inc.

**CERTIFICATE OF SERVICE**

I, Paul J. Hooten, do hereby certify that the foregoing Defendant's Answers and Objections to Plaintiff's First Request for Production of Documents was served upon the below party by email on the 27 day of January, 2011.

Richard J. McCord, Esquire
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue
East Meadow, NY 11554

PAUL J. HOOTEN & ASSOCIATES

By: /s/ Paul J. Hooten
PAUL J. HOOTEN, ESQUIRE
5505 Nesconset Highway, Suite 203
Mt. Sinai, NY 11766
Telephone: (631) 331-0547
Facsimile: (631) 331-9566